**Charles L. DUGGER, Appellant,**

v.

**Louis SULLIVAN, Secretary of Health and Human Services, Appellee.**

**No. 89–5327.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1990.

Decided Sept. 12, 1990.

William P. Kaszynski, St. Paul, Minn., for appellant.

Donna L. Calvert, Chicago, Ill., for appellee.

Before McMILLIAN, and ARNOLD, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Charles L. Dugger appeals from the district court's decision affirming the finding of the Secretary of Health and Human Services that Dugger became disabled within the meaning of the Social Security Act as of December 31, 1984, but was not disabled before that time.

On September 13, 1983, Dugger filed an application for Social Security disability benefits alleging disability commencing on June 16, 1978 due to a back injury. Dugger's claim was denied initially, on reconsideration, and by an administrative law judge (ALJ). In March 1986, however, under a new regulation, Dugger was found to have become disabled as of December 31, 1984. Dugger appealed this determination, requesting an earlier disability onset date. Dugger received a hearing before an ALJ,

who affirmed the determination that Dugger became disabled as of December 31, 1984. The ALJ's decision became the final decision of the Secretary. In Dugger's action for judicial review, the district court adopted the report and recommendation of the magistrate and granted summary judgment for the Secretary.

On appeal, Dugger claims that the ALJ improperly evaluated his subjective complaints of pain, erroneously gave greater weight to the opinions of consulting phsycians than to those of Dugger's treating physicians, and that substantial evidence in the record as a whole fails to support the Secretary's decision.

After a careful review of the record, we find these contentions to be without merit. Accordingly, we affirm the district court's decision on the basis of the magistrate's report and recommendation as adopted by the district court. *See* 8th Cir.R. 47B.